## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-20009-01-JAR** |
| **CRISTIAN MAESE-SOLANO,** | |
| **Defendant.** | |

## MEMORANDUM & ORDER

This matter comes before the Court on Defendant Cristian Maese-Solano's Motions for Compassionate Release (Docs. 51, 57) under 18 U.S.C. § 3582(c)(1)(A). Because Maese-Solano has failed to satisfy the exhaustion requirement under § 3582(c)(1)(A), his motions are dismissed for lack of jurisdiction.

### I.     Background

On July 14, 2020, Maese-Solano pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2).[1] On September 28, 2020, the Court sentenced him to a 27-month term of imprisonment, followed by three years of supervised release.[2] Maese-Solano is currently at a CoreCivic facility in Oklahoma, and was housed there at the time he filed both of these motions. Maese-Solano is 24 years old, and his projected release date from the Bureau of Prisons is May 7, 2022.

Maese-Solano has filed two motions requesting compassionate release. In his second motion, filed on March 4, 2021, he asserts that he tested positive for COVID-19 three weeks

---

[1] Doc. 38.

[2] Doc. 47. Judgment was entered on September 30, 2020. *Id.*

prior to filing his motion.  In neither motion does Maese-Solano assert that he has underlying medical conditions that place him at a higher risk of severe illness from COVID-19.  Nor does he assert that he is sick with COVID-19.  In fact, he states that despite being given no medical attention, his symptoms were minor and he remains healthy.[3]  Instead, Maese-Solano points to his mother's age and illness, and other difficult circumstances in the lives of his uncle and his niece, as reasons supporting his request for compassionate release.

Maese-Solano is not represented by counsel.  Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[4]  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The FPD has informed that Court that it does not intend to enter an appearance on behalf of Maese-Solano. Accordingly, Maese-Solano proceeds *pro se*.

## II.    Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[5]  Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[6] a court may

---

[3] Doc. 57-1.

[4] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

[5] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[6] Pub. L. No. 115-391, 132 Stat. 5194.

modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, that a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and that the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction.[7]  The Sentencing Commission has recognized four categories of "extraordinary and compelling reasons": the defendant's medical condition, the defendant's age, the defendant's family circumstances, and a catch-all, "other reasons."[8]

       "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[9] "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."[10]  In other words, if the defendant cannot show that § 3582(c) authorizes relief, the Court must dismiss the motion for lack of jurisdiction.[11]

---

[7] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020).

[8] U.S.S.G. § 1B1.13 cmt. n.1; *see United States v. Gieswein*, 832 F. App'x 576, 577 (10th Cir. 2021).

[9] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction).  *But see United States v. Read-Forbes*, ___ F. App'x ___, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional").

[10] *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

[11] *Saldana*, 807 F. App'x at 820; *Poutre*, 834 F. App'x at 474.  *But see Read-Forbes*, 2021 WL 423160, at *2 n.1.

### III.   Discussion

In this case, Maese-Solano does not allege that he has attempted to seek or exhaust his administrative remedies.  In fact, Maese-Solano expressly states "I am asking on my behalf without going through the warden first."[12]  Thus, the exhaustion requirement of § 3582(c) is not met.  Given this, the Court does not have jurisdiction over Maese-Solano's motion, and it does not decide whether he has established "extraordinary and compelling reasons" for a sentence reduction.  Though the Court is sympathetic that Maese-Solano has contracted COVID-19 and that his family members are living in difficult circumstances, it "may not take action where it lacks statutory authorization to do so."[13]  Accordingly, Maese-Solano's motion is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Cristian Maese-Solano's Motions for Compassionate Release (Docs. 51, 57) are **DISMISSED without prejudice for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: March 22, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] Doc. 57-1.

[13] *United States v. Perry*, No. 18-CR-00480-PAB, 2020 WL 1676773, at *2 (D. Colo. Apr. 3, 2020).